**NOT FOR PUBLICATION**

FILED

MAY 23 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HIEDY AZUCENA PERDOMO-SALGERO, | No. 13-73703 |
| Petitioner, | Agency No. A095-787-033 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2016[**]
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Hiedy Azucena Perdomo-Salgero is a Guatemalan citizen who petitions this

Court for review of the denial of her application for protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture. *See* 8 C.F.R. § 1208.17(a). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Perdomo-Salgero argues that the agency failed to give reasoned consideration to her expert's testimony and to three documents she submitted. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).

As to the expert's testimony, the IJ discussed the testimony, but found that the expert did not provide a sufficient factual basis for his opinion that Perdomo-Salgero had a 75 to 80 percent chance of being attacked, raped, or killed in Guatemala. The expert did not provide any statistics on violence against lesbians in Guatemala to support his conclusion. Nor did he provide any specific factors that made Perdomo-Salgero particularly likely to be attacked, except to say that Perdomo-Salgero had a masculine presentation and would immediately be recognized as a lesbian. The expert made this assessment without having met Perdomo-Salgero, and without knowing where Perdomo-Salgero planned to live or work. The IJ gave reasoned consideration to the expert's testimony, and then reasonably chose to reject the expert's conclusion.

As to the documentary evidence, Perdomo-Salgero is correct that the IJ did not specifically mention the three documents that Perdomo-Salgero cites. However, the agency is not required to discuss every document in the record. *See*

*Cole*, 659 F.3d at 771. The IJ's factual descriptions of conditions in Guatemala were generally consistent with the descriptions in the documents Perdomo-Salgero cites. *Cf. id.* at 772 (stating that remand may be appropriate when the agency misstates the record or fails to mention "highly probative or potentially dispositive evidence"). Once again, Perdomo-Salgero's true complaint is with the agency's conclusion, but that does not mean the agency failed to give reasoned consideration.

Perdomo-Salgero also argues that the agency failed to consider her aggregate risk of torture from: (1) her gender; (2) her sexuality; and (3) her history of living in the United States for the last twenty-five years. *See Cole*, 659 F.3d at 775. There is no evidence that the agency compartmentalized Perdomo-Salgero's risk of torture. *Cf. id.* at 779 (Callahan, J., dissenting) (explicitly compartmentalizing the risk of torture from different factors). The IJ's decision mentioned all three of Perdomo-Salgero's risk factors, and then concluded that Perdomo-Salgero had not shown a greater than fifty percent chance she would be tortured if returned to Guatemala. The agency did not err.

**DENIED.**